UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN ABBOUD,

    Plaintiff,

v.                                Case No. 5:22-cv-364-KKM-PRL

WARDEN, FCC COLEMAN- LOW,

    Defendant.
_____/

## ORDER

Steven Abboud, a federal inmate, initiated this action by filing a pro se Emergency Motion for Writ of Mandamus pursuant to 28 U.S.C. § 1361, received on August 18, 2022. (Doc. 1.) Abboud, who asserts that the Bureau of Prisons (BOP) miscalculated his release date, requests that the Court issue a writ of mandamus requiring the BOP to correctly recalculate the date of his release. According to Abboud, his release date should be August 19, 2022, not September 5, 2022, because he participated in qualifying activities that entitle him to additional credits. He asks that the Court resolve the issue immediately to allow time for the BOP to timely release him. Abboud filed a virtually identical motion in Case Number 5:22-cv-353-WWB-PRL, which the Court dismissed without prejudice because Abboud failed to show an entitlement to mandamus relief.

A federal court may issue a mandamus order pursuant to 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is an "extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (internal quotation marks and citation omitted).

"Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Id. at 1258. "The party seeking mandamus has the burden of demonstrating that his right to the writ is clear and indisputable." Hakki v. Sec'y, Dep't of Veterans Affs., 7 F.4th 1012, 1036-37 (11th Cir. 2021). A plaintiff cannot resort to the extraordinary remedy of mandamus when there is an adequate alternative "avenue of relief." Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004).

Abboud has not met his burden of showing that he is entitled to federal mandamus relief. He fails to demonstrate an indisputable right to any relief or a clear duty on the part of the BOP Warden. And, because Abboud's claim about the BOP's calculation of earned time credits is a challenge to the execution of his sentence, he has an alternative avenue of relief under 28 U.S.C. § 2241. See Amodeo v. FCC Coleman-Low Warden, 984 F.3d 992, 999 (11th Cir. 2021) (noting that a § 2241 habeas petition can offer a remedy for claims challenging the calculation of good time credits (citations omitted)).

It is therefore **ORDERED** as follows:

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** in Ocala, Florida, on August 18th 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Lc 19
c:
Steven Abboud